United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Jacqueline Dawson
    Debtor

Case No. 13-12501-amc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin    Page 1 of 2    Date Rcvd: Sep 28, 2018
Form ID: 3180W    Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 30, 2018.
db    +Jacqueline Dawson,   6509 Ogontz Avenue,   Philadelphia, PA 19126-3409
13791379    Rushmore Loan Managment Services, LLC,   P.O.Box 514717, Los Angeles, CA 90051

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg    E-mail/Text: megan.harper@phila.gov Sep 29 2018 03:06:24    City of Philadelphia,
   City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
   Philadelphia, PA  19102-1595
smg    +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 29 2018 03:06:08    U.S. Attorney Office,
   c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13118516    +E-mail/Text: megan.harper@phila.gov Sep 29 2018 03:06:25    City of Philadelphia, Law Department - Tax Unit,   Bankruptcy Group, MSB,
   1401 John F. Kennedy Blvd. 5th Floor,   Philadelphia, PA 19102-1640
13048395    E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 29 2018 03:05:33
   Pennsylvania Department of Revenue,   Bankruptcy Division, P.O Box 280946,
   Harrisburg, PA  17128-0946
                                                                                                                               TOTAL: 4

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*    Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
   Harrisburg, PA  17128-0946
                                                                                                                                TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 30, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 27, 2018 at the address(es) listed below:
      ANDREW F GORNALL   on behalf of Creditor   REOCO, Inc. agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
      ANDREW M. LUBIN   on behalf of Defendant   Milstead &Associates, LLC alubin@milsteadlaw.com, bkecf@milsteadlaw.com
      BARBARA A. FEIN   on behalf of Creditor   EMC Mortgage LLC bfein@sanddlawyers.com, mhanford@sanddlawyers.com
      BARBARA A. FEIN   on behalf of Creditor   Acqura Loan Services bfein@sanddlawyers.com, mhanford@sanddlawyers.com
      BARBARA A. FEIN   on behalf of Defendant   Acqura Loan Services bfein@sanddlawyers.com, mhanford@sanddlawyers.com
      BARBARA A. FEIN   on behalf of Creditor   RESIDENTIAL CREDIT SOLUTIONS bfein@sanddlawyers.com, mhanford@sanddlawyers.com
      BARBARA A. FEIN   on behalf of Defendant   EMC Mortgage, LLC bfein@sanddlawyers.com, mhanford@sanddlawyers.com
      BRIAN CRAIG NICHOLAS   on behalf of Creditor   REOCO, Inc. bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
      DAVID H. LIPOW   on behalf of Creditor   EMC Mortgage LLC bkecf@milsteadlaw.com, dlipow@milsteadlaw.com
      DEVON E. SANDERS   on behalf of Debtor Jacqueline  Dawson dsanders@clsphila.org
      DEVON E. SANDERS   on behalf of Plaintiff Jacqueline  Dawson dsanders@clsphila.org
      JONATHAN SGRO   on behalf of Debtor Jacqueline  Dawson jsgro@clsphila.org
      JOSHUA ISAAC GOLDMAN   on behalf of Creditor   RESIDENTIAL CREDIT SOLUTIONS bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
      KEVIN G. MCDONALD   on behalf of Creditor   U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT bkgroup@kmllawgroup.com
      KRISTEN D. LITTLE   on behalf of Defendant   EMC Mortgage, LLC pabk@logs.com
      KRISTEN D. LITTLE   on behalf of Defendant   Acqura Loan Services pabk@logs.com
      MICHAEL R. FROEHLICH   on behalf of Debtor Jacqueline  Dawson MFroehlich@clsphila.org

```
District/off: 0313-2          User: admin              Page 2 of 2             Date Rcvd: Sep 28, 2018
                              Form ID: 3180W           Total Noticed: 6
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
         THOMAS I. PULEO   on behalf of Creditor    REOCO, Inc. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                             TOTAL: 20

Case 13-12501-amc    Doc 135    Filed 09/30/18    Entered 10/01/18 01:03:09    Desc
Imaged Certificate of Notice    Page 2 of 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Jacqueline Dawson** | Social Security number or ITIN **xxx–xx–0626** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–12501–amc** | |

# Order of Discharge                                                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Jacqueline Dawson
aka Jacqueline Foxworth

<u>9/27/18</u>                                                                                      **By the court:**      <u>Ashely M. Chan</u>
                                                                                                                                              United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**